The order below is hereby signed.

Signed: December 23, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
SHIRLEY CATPRICE MCCLAM,      )    Case No. 10-01241
                              )    (Chapter 7)
         Debtor.              )    Not for Publication in
                              )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING
APPLICATION FOR WAIVER OF THE CHAPTER 7 FILING FEE

The debtor has filed an application for waiver of the chapter 7 filing fee (Dkt. No. 3). For reasons explained in more detail below, the court will deny the debtor's application.

Pursuant to 28 U.S.C. § 1930 as amended by § 418 of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005, Pub. L. 109-8 (effective October 17, 2005), this court

> may waive the filing fee in a case under
> chapter 7 of title 11 for an individual if
> the court determines that such individual has
> income less than 150 percent of the income
> official poverty line . . . applicable to a
> family of the size involved and is unable to
> pay that fee in installments.

28 U.S.C. § 1930(f)(1).

The debtor's application reflects that she is from a four-

person household and that she currently has a combined monthly income of $2,137.96 or $25,655.52 per annum.  This figure is less than 150% of the applicable poverty guideline figure maintained by the Department of Health and Human Services for a four-person household living in the District of Columbia, as required for waiver.[1]

To qualify for waiver of the filing fee, however, the debtor must also demonstrate that she is unable to pay the fee in installments.  According to the debtor's application, the debtor has current expenses of $1,590.00, leaving the debtor with $547.96 in disposable income available to pay the filing fee.  This is an amount sufficient to allow the debtor to pay the $299 filing fee in installments.  Accordingly, it is

ORDERED that the debtor's application for waiver of the chapter 7 filing fee (Dkt. No. 3) is DENIED.  It is further

ORDERED that within 14 days after entry of this order the debtor shall either pay the filing fee in full or file with the

---

[1] Section 1930(f) specifies that the "official poverty line" figures used for purposes of the chapter 7 fee waiver refer to those "defined by the Office of Management and Budget ["OMB"], and revised annually in accordance with [§] 673(2) of the Omnibus Reconciliation Act of 1981 . . . ."  The Judicial Conference of the United States interprets this language to refer to the poverty guidelines maintained annually by the U.S. Department of Health and Human Services ("HHS") because the OMB has never issued poverty guidelines or thresholds.  Under the 2009 HHS guidelines, the poverty line for a four-person family living in the District of Columbia is $22,050.00 per year, making 150% of the applicable poverty line $33,075.00.  The debtor's stated income is below this threshold.

clerk of the court an application to pay the filing fee in installments setting forth the schedule of installment payments in accordance with Fed. R. Bankr. P. 1006(b).

[Signed and dated above.]

Copies to: Debtor; Debtor's Attorney; Chapter 7 Trustee; Office of United States Trustee.